UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>FELIPE GUZMAN-RODRIGUEZ,<br><br>         Defendant. | Case No.:  14cr2402 WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the Objection to the Petition for Warrant or Summons alleging Grade A Violation of Supervised Release (ECF No. 50) filed by Defendant.

  On January 30, 2015, Defendant was committed to the custody of the Bureau of Prisons for a period of 30 months for a violation of 8 U.S.C. § 1326. The Court imposed supervised release for a period of three years.

  On August 26, 2019, the U.S. Probation Department (Probation) filed a Petition for Warrant of Summons alleging the following violations of supervised release: (1) on or about February 22, 2018, possessed a controlled substance (methamphetamine) for sale, in violation of California Health & Safety Code § 11378; (2) on or about February 22, 2018, transported a controlled substance (methamphetamine) for sale, in violation of California Health & Safety Code § 11379(a); and (3) on or about August 2017, failed to report to the

U.S. Probation Office within 24 hours of reentry into the United States. Probation determined that allegations 1 and 2 of the Petition were Grade A violations under U.S.S.G. § 7B1.1(a)(1)(A)(ii). Based upon Defendant's Criminal History VI, Probation concluded that the guideline range was 33 to 41 months. However, Probation concluded that the statutory maximum term of imprisonment was 24 months.

On May 12, 2020, Defendant filed an Objection to the Petition and requested that the Court classify allegations 1 and 2 as Grade B violations on the grounds that Sections 11378 and 11379(a) are overbroad and therefore allegations 1 and 2 in the Petition do not qualify as "controlled substance offense[s]" under the familiar categorical approach. Defendant asserts that California law criminalizes possession of the salts and isomers, including geometric isomers of methamphetamine, while federal law does not criminalize geometric isomers. Defendant asserts that California law regulates types of methamphetamine that federal law does not, and that methamphetamine does not count as a "controlled substance" for purposes of its classification as a Grade A violation under the Sentencing Guidelines. Defendant requests an evidentiary hearing "on the underlying science" in the event that Plaintiff United States takes the position that geometric isomers of methamphetamine do not exist. (ECF No. 50 at 3.)

Plaintiff United States contends that there is no controlling authority holding that Sections 11378 and 11379(a) are overbroad. Plaintiff United States asserts that the Court of Appeals is currently addressing the factual finding that geometrical isomers of methamphetamine do not exist in *United States v. Rodriguez-Gamboa*, and does not oppose an evidentiary hearing in this case.

The guidelines define a Grade A violation of supervised release as conduct amounting to a federal, state, or local felony that "is a controlled substance offense[.]" U.S.S.G. § 7B1.1(a)(1)(A)(ii). A "controlled substance offense" for these purposes is defined as a federal or state felony "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture,

import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Ninth Circuit has held that the term "controlled substance" as used in the federal Sentencing Guidelines refers to those substances controlled by federal law—i.e. those substances listed in the Controlled Substances Act. *See United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012). To determine whether a state offense qualifies as a controlled substance offense under the Guidelines, the Court applies *Taylor v. United States*, 495 U.S. 575 (1990) and its progeny.

On August 29, 2018, the Ninth Circuit issued an opinion in *Lorenzo v. Sessions*, 902 F.3d 930 (9th Cir. 2018) ("*Lorenzo I*"), holding that the definition of methamphetamine under California Health and Safety Code Sections 11378 and 11379(a) is facially overbroad because it encompasses more types of isomers of methamphetamine, e.g., geometric isomers, than the federal Controlled Substances Act, and that methamphetamine convictions do not meet the Immigration and Nationality Act's definition of a controlled substance.

On January 17, 2019, the Ninth Circuit withdrew its opinion (913 F.3d 930 (9th Cir. 2019)), and replaced it with a memorandum disposition, *Lorenzo v. Whitaker*, 752 F.App'x 482 (9th Cir. 2019) ("*Lorenzo II*"). The Court of Appeals continued to hold that the definition of methamphetamine under California Health and Safety Code §11033 is facially overbroad when compared with the federal definition in 21 U.S.C. § 812. However, the Court of Appeals declined to address the factual argument by the government that the difference in the state and federal definitions was illusory and that there was no realistic probability of prosecution for the overbroad portion. The Court of Appeals stated:

> In its petition for panel rehearing, the government contends the facial overbreadth in California law is of no significance because geometric isomers of methamphetamine do not in fact exist. The government also asks us to take judicial notice of evidence presented in a different case to support that new assertion. We reject these entreaties. First, "[a]s a general rule, we will not consider issues that a party raises for the first time in a petition for rehearing," *United States v. Mageno*, 786 F.3d 768, 775 (9th Cir. 2015) (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1397 (9th Cir. 1988) ), or during oral argument, *see In re Pac. Pictures Corp.*, 679 F.3d 1121, 1130 (9th Cir. 2012).

> Second, our review generally is limited to the information in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc). The government could have raised its argument about theoretical impossibility in this court, but it did not timely do so. We do not foreclose the government from presenting its new argument or new evidence in another case.

*Id*. at 485.  The factual issue of whether the definition of methamphetamine under California law is broader than the definition under federal law is now before the Court of Appeals for the Ninth Circuit in *United States v. Rodriguez-Gamboa*, 946 F.3d 548 (9th Cir. 2019).  In *Rodriguez-Gamboa*, the Court of Appeals explained:

> While this case was pending in the district court, we decided *Lorenzo v. Sessions* ("*Lorenzo I*"), holding that the definition of methamphetamine under California Health and Safety Code § 11378 was categorically broader than the definition of methamphetamine under the Controlled Substances Act, 21 U.S.C. § 812, because the former included geometric isomers and the latter did not. 902 F.3d 930, 932–38 (9th Cir. 2018). The district court, naturally feeling itself bound by *Lorenzo I*, allowed Rodriguez to withdraw her guilty plea to a violation of 8 U.S.C. § 1326 and dismissed the information. After the government filed a notice of appeal, however, we withdrew our opinion in *Lorenzo I*, *Lorenzo v. Whitaker*, 913 F.3d 930 (9th Cir. 2019), and replaced it with a non-precedential memorandum disposition, *Lorenzo v. Whitaker* ("*Lorenzo II*"), 752 F. App'x 482 (9th Cir. 2019).
> *Lorenzo II* reached the same result as *Lorenzo I*, but expressly declined to address the factual argument raised here, because the government had raised it for the first time in a petition for panel rehearing. *Id*. at 485. The panel, however, "d[id] not foreclose the government from presenting its new argument or new evidence in another case." *Id*.
> This is that case. But, because the district court did not confront the factual accuracy of the government's argument, we remand to the district court to address that issue in the first instance.

*Id*. at 549-550.  The Court of Appeals held that the factual determination of whether geometric isomers render the state definition of methamphetamine categorically overbroad could not be litigated for the first time on appeal. *See id*. at 552–53. The Court of Appeals remanded to the district court to resolve the factual question. *Id*. at 553.  On remand, the

district court held an evidentiary hearing taking testimony from three expert witnesses presented by the Government. The district court found the expert declarations and testimony "credible and compelling." *United States v. Gamboa*, 2020 WL 1873545 *3 (C.D. Cal. April 15, 2020) "Each of the experts concluded there are no 'geometric,' 'geometrical,' or 'geometrical (diastereomeric) isomers" of methamphetamine." Applying this conclusion, the district court stated:

> Gamboa's prior felony conviction which resulted in her earlier removal was Health & Safety Code Section 11378, possession for sale of a controlled substance, specifically methamphetamine. Methamphetamine is listed as a Schedule II controlled substance under both state and federal law. Where the statutory schemes differ is in how the isomers of methamphetamine are treated.
>
> California Health and Safety Cody Section 11055 provides:
> Schedule II; substances included:
> (a) The controlled substances listed in this section are included in Schedule II.
> ...
> (d) Stimulants. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a stimulant effect on the central nervous system:
> ...
> (2) *Methamphetamine, its salts, isomers, and salts of its isomers.* (Emphasis added.)
>
> Health & Safety Code § 11033. Isomer: As used in this division, except as otherwise defined, the term "isomer" includes optical and geometrical (diastereomeric) isomers. (Emphasis added.)
>
> Under federal law, the term "methamphetamine isomer" means the optical isomer only. See 21§ USC 802(14).
>
> As can plainly be seen by the unambiguous text of the statute, possession of a substance which contains either the optical or the geometric isomers of methamphetamine is theoretically punishable under state law. Under federal law, only optical isomers of methamphetamine are prohibited. Thus, it would appear that the state

> statute is facially broader than its federal counterpart. That is, a broader range of theoretical conduct is punishable under state law. However, according to the government and supported by the government's experts, there is no realistic probability of punishment for possession of geometric isomers of methamphetamine under state law (or at all). Based on evidence adduced during the hearing, the Court agrees.

*Id*. at 5. This ruling is currently on appeal before the Court of Appeals.

The Court of Appeals decision in *Lorenzo v. Sessions,* 902 F.3d 930 (9th Cir. 2018) holding that California Health and Safety Code § 11378 is categorically overbroad was withdrawn in *Lorenzo v. Whitaker*, 913 F.3d 930 (9th Cir. 2019), and replaced with a non-precedential memorandum disposition, *Lorenzo v. Whitaker*, 752 F. App'x 482 (9th Cir. 2019). The Memorandum states: "This case was not selected for publication … See also U.S. Ct. of App. 9th Cir. Rule 36-3." Circuit Rule 36-3. Citation of Unpublished Dispositions or Orders states: "Not Precedent. Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion." There is currently no controlling authority holding that the definition of methamphetamine under California Health and Safety Code § 11378 is categorically broader than the definition of methamphetamine under the Controlled Substances Act, 21 U.S.C. § 812. *See United States v. Verduzco-Rangel*, 884 F.3d 918, 922 (9th Cir. 2018) (holding that defendant conviction for trafficking methamphetamine under Cal. Code section 11378, "a controlled substance under both California and federal law" is a drug trafficking aggravated felony under 8 U.S.C. §1101(a)(43)).

In order to determine statutory overbreath, a court "looks to the statute under which the defendant was convicted and compares its elements to the relevant definition of an aggravated felony under federal law." *United States v. Valdavinos-Torres*, 704 F.3d 679, 686 (9th Cir. 2012) (citing *Taylor v. United States*, 495 U.S. 575 (1990)). "There is a categorical match only if the statute's elements are the same as, or narrower than, those of the generic [federal] offense." *Lopez-Aguilar v. Barr*, 948 F.3d 1143, 1147 (9th Cir. 2020)

(quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)) (internal quotation marks omitted). If the state statute is broader than the federal offense, then the court determines whether the statute is divisible or indivisible. *Id*. (citing *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014)). "An overbroad and indivisible statute does not constitute a generic crime." *Id*. "A state offense qualifies as a generic offense...if the full range of conduct covered by [the state statute] falls within the meaning of the generic offense." *Id*. (quoting *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1202 (9th Cir. 2014)).

However, the Supreme Court has held, "to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). It requires "a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Id*. A defendant can show "a realistic probability" that a state statute exceeds the generic definition in one of two ways: (1) by showing the state statute expressly defines a crime more broadly than the generic offense and the express text is not a logical impossibility; or (2) by identifying at least one case in which the state courts applied the statute in a situation that does not fit under the generic definition. *See Lopez-Aguilar*, 948 F.3d at 1147; *United States v. Perez*, 932 F.3d 782, 785 (9th Cir. 2019) (quoting *Duenas-Alvarez*, 549 U.S. at 193) (Defendant must "point to cases in which the state courts in fact did apply the[ir] statute . . . to conduct outside the federal definition.").

In this case, Defendant has not identified any case in which California prosecuted an individual for a "geometric" or "geometrical (diastereomeric) isomer" of methamphetamine. The Government submits the transcript of the evidentiary hearing held by the district court in *Rodriguez-Gamboa* in which three government experts conclude that there are no geometric isomers of methamphetamine. The Court takes judicial notice of the transcript. Defendant requests an evidentiary hearing. However, an evidentiary hearing is typically required only upon an offer of proof with "sufficient definiteness, clarity, and specificity" to establish controverted issues of fact. *United States v. Hoang*,

486 F.3d 1156, 1163 (9th Cir. 2007). Where a defendant merely asserts that a fact is disputed but fails to offer evidence supporting that assertion, no hearing is required.

On June 22, 2020, this Court issued an order stating in relevant part:

> The Court will allow Defendant to file an offer of proof in support of the request for an evidentiary hearing by July 6, 2020. Plaintiff United states shall file any response by July 20, 2020. . . . the Objection to the Petition for Warrant or Summons alleging Grade A Violation of Supervised Release (ECF No. 50) remains pending.

ECF No. 57 at 7. Defendant has not filed any offer of proof. The Court finds that Defendant has not offered into the record any offer of proof with "sufficient definiteness, clarity, and specificity" to establish controverted issues of fact. *United States v. Hoang*, 486 F.3d 1156, 1163 (9th Cir. 2007). The Court concludes that no evidentiary hearing is required.

Based upon the record in this case, the Court finds that there is no realistic probability of punishment for possession or transport of geometric isomers of methamphetamine under state law. The Court concludes that Defendant's violation of California Health & Safety Code §§ 11378 and 11379(a) are conduct amounting to a federal, state, or local felony that "is a controlled substance offense" and a Grade A violation of supervised release. U.S.S.G. § 7B1.1(a)(1)(A)(ii).

IT IS HEREBY ORDERED that the Objection to the Petition for Warrant or Summons alleging Grade A Violation of Supervised Release (ECF No. 50) is overruled.

Dated: July 27, 2020

Hon. William Q. Hayes
United States District Court